**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
John P. Gustafson
United States Bankruptcy Judge

**Dated: July 8 2014**

UNITED STATES BANK[...]
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-33908 |
| | ) | |
| Randy Leon Arrington, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3001 |
| | ) | |
| American Express Centurion Bank, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Randy Leon Arrington, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### <u>MEMORANDUM OF DECISION AND ORDER</u>

This adversary proceeding is before the court upon "Plaintiff's Complaint to Determine Dischargeability of Debt" ("Complaint") [Doc. # 1]. Defendant is the debtor in Chapter 7 Case No. 13-33908 in this court. Plaintiff is a creditor of Defendant.

On January 13, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The executed return on service [Doc. # 4] shows that the summons and Complaint were timely served on Defendant at his address as set forth in his petition in the underlying Chapter 7 case by regular United States mail. Fed. R. Bankr. P. 7004(b)(9). The summons required an answer or other response to the

Complaint to be filed by February 12, 2014. On February 3, 2014, an Answer to the Complaint was filed by the Defendant.

On February 26, 2014, the court held a pre-trial scheduling conference on the Complaint. Attorney for Plaintiff appeared by telephone, while Attorney for Defendant appeared in person. At the hearing, the court ordered that all discovery was to commence in time to be completed by May 30, 2014, and that a further pretrial conference would be held on June 5, 2014. [Doc. # 7]. On April 22, 2014, Plaintiff filed a Motion to Compel Defendant's Responses to Plaintiff's Discovery Requests and Deem First Request For Admissions Admitted and Strike Defendant's Answer ("Motion"). The Motion set forth that Defendant had failed to provide responses to Plaintiff's first set of interrogatories, first request for production of documents, and first request for admissions. [Doc. # 10]. The court granted Plaintiff's Motion and ordered that Defendant had seven (7) days to respond to Plaintiff's discovery request. If Defendant did not provide responses to Plaintiff within the time allotted, the court ordered that Defendant's answer to the Complaint would be stricken from the record. [Doc. # 14].

Attorney for Defendant, having been unable to contact Defendant, did not respond to Plaintiff's request for discovery. As such, Defendant's Answer was stricken from the record, and the Clerk was ordered to enter the default of the Defendant, pursuant to Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055. [Doc. # 23]. The Clerk accordingly entered Defendant's default on the Complaint [Doc. # 24]. Plaintiff filed a motion for default judgment ("Motion") [Doc. # 19]. The Motion was served by first class United States mail on Defendant at the address in his petition. The Clerk scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant by first class mail sent to the address in his petition. [Doc. ## 27, 28].

On June 27, 2014, Attorney for Defendant filed a Response to the Motion, requesting an

2

opportunity to be heard. [Doc. # 30]. That opportunity was given on June 30, 2014, when the court held a hearing on the Motion. Attorney for Plaintiff appeared by phone, while Attorney for Defendant appeared in person. At the hearing, Attorney for Defendant stated that he had briefly spoken on the phone with Defendant, and that he expected Defendant to be present at the hearing. Defendant was to speak with the court regarding his lack of communication with his Attorney, which resulted in his Attorney's failure to respond to Plaintiff's discovery requests . However, Defendant did not attend the hearing. A review of the record shows that, because Defendant's answer was stricken from the record, no answer to the Complaint has been filed. Plaintiff's counsel subsequently certified in a Declaration filed with the court, [Exhibit A, Doc. # 19], that Defendant is not in the military service of the United States to the best of her knowledge and information, complying with the Servicemembers Civil Relief Act. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment will be **GRANTED.**

The legal basis for the Complaint is 11 U.S.C. § 523(a)(2)(A), which provides that a debt incurred under certain circumstances involving fraud shall be excepted from a debtor's bankruptcy discharge. The debt in issue is $15,329.60, which was incurred by the Defendant on a credit card account issued by the Plaintiff. The debt includes charges incurred at an automobile dealership, a jewelry store, Gucci, a household appliance warehouse, and a law firm located in Las Vegas, Nevada. Plaintiff avers that at the time Defendant incurred the charges on the account, he did not intend to honor his obligation to American Express to satisfy the terms of the Account. Plaintiff also avers that Defendant obtained the luxury goods and/or services through representations he either knew to be false or were made with such a reckless disregard for the truth as to constitute willful misrepresentation. Plaintiff contends that Defendant's misrepresentations were made with the intention and purpose of deceiving American Express, so that the company would extend the credit that enabled Defendant to charge the goods and services to the Account. As a result, Plaintiff avers that American Express justifiably relied upon Defendant's false representations,

3

partially based upon Defendant's status as a cardmember in good standing and that no "red flags" were evident during Defendant's charging activity. Finally, Plaintiff claims that the balance on the Account was incurred by the Defendant with both a knowledge of his inability and an intent to not repay the debt. As a proximate result of extending said credit, American Express sustained loss and damages totaling $15,329.60.

The district court has jurisdiction over the Debtor's underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(9), has been duly and properly been afforded to Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address in the Chapter 7 petition and as specified in the Complaint has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709(Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to

4

damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. Of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742. In this case, the straightforward and well-pleaded factual allegations of the Complaint and the basic circumstances underlying it substantiate and establish the cause of action against Defendant.

Plaintiff relies on § 523(a)(2)(A) of the Bankruptcy Code, as follows, in contending that Defendant incurred a debt to it that should be excepted from his discharge.

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud.

11 U.S.C. § 523(a)(2)(A). The specific parts of § 523(a)(2)(A) raised by the Complaint are conduct involving "false representations" and "actual fraud."

For purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts, " *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983), with a "'false representation' ... [being] an express misrepresentation," *Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)). In addition, § 523(a)(2)(A) also addresses "actual fraud" as a concept broader than misrepresentation. *See McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R. at 877 (quoting *Gerad v.Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)). In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the

5

debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. *Id.* at 281.

A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.*; *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281-82 (6th Cir. 1998). A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

The court finds that the straightforward and well-pleaded averments of Plaintiff's Complaint constitute a valid cause of action under § 523(a)(2)(A) and deems them as true as a result of Defendant's default. Misrepresentations made by Defendant proximately caused Plaintiff to extend a line of credit to Defendant that he did not intend to repay. After reporting yearly income of $7,000.00 in 2011 and 2012, and $10,000.00 in 2013, Defendant could not nor did he intend to repay the roughly $15,000.00 spent on luxury goods and/or services charged to the account over the course of exactly six weeks. As a proximate result of extending credit to Defendant, and based on his willful misrepresentations, American Express has sustained loss and damages in the amount of $15,329.60. The nature of the transactions and the rapidity with which they occurred, in conjunction with Defendant's false representations, leads the court to find that Defendant acted with the requisite fraudulent intent in obtaining from Plaintiff the funds at issue that he never intended to repay. The Complaint also demonstrates that Plaintiff relied upon Defendant's misrepresentations [Complaint, ¶ 27] and that its reliance was justifiable given the Defendant's status as a cardmember in good standing.

Plaintiff has established that Defendant has incurred a debt to it that is non-dischargeable under § 523(a)(2). It also requests that the court enter a non-dischargeable judgment against Defendant on account of that debt, plus interest, costs, or any other such relief as the court may deem appropriate. The court shall grant Plaintiff's request.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 19] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**

6

7